**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| KA RONDA MATTEAR | CIVIL ACTION |
| VERSUS | 19-95-SDD-RLB |
| THD AT HOME SERVICES, INC., A SUBSIDIARY OF HOME DEPOT U.S.A. | |

**RULING**

This matter is before the Court on the *Rule 12(b)(6) Motion for Dismissal*[1] filed by Defendant THD at Home Services, Inc. ("THD" or "Defendant"). Plaintiff Ka Ronda Mattear ("Plaintiff") has filed an *Opposition*[2] to this motion, to which THD filed a *Reply*.[3] For the following reasons, the Court finds that THD's motion to dismiss should be GRANTED.

**I. FACTUAL BACKGROUND**

This matter arises out of Plaintiff's employment and subsequent termination from Home Depot around November 17, 2016. Plaintiff was employed by Home Depot since 1998 and was the District Service Manager for the last eight years prior to her termination.[4] Plaintiff, an African-American female, brings this action alleging wage discrimination based on her race and gender, wrongful termination, harassment, and

---

[1] Rec. Doc. 3.
[2] Rec. Doc. 5.
[3] Rec. Doc. 9.
[4] Rec. Doc. 1-1, p. 2.

retaliation.[5] Plaintiff's allegations begin around August 2015, when Plaintiff alleges that Richard Lloyd ("Lloyd") became her supervisor.[6] Lloyd is alleged to have "continually targeted" Plaintiff until her termination in November 2016.[7]

Specifically, on or about March 10, 2016, Plaintiff allegedly sent a vacation request to Lloyd who, against company policy, inquired as to the reason for the vacation time. Lloyd allegedly "wrote up" Plaintiff for poor planning.[8] In April, the following month, Plaintiff claims that she approached Lloyd about advancement within the company and was allegedly told the only way to advance was if she was willing to move down to an assistant position, despite Plaintiff's contention that others below her were subsequently promoted to higher positions. In August 2016, Lloyd allegedly met with Plaintiff to discuss her job performance as District Services Manager ("DSM") and informed her that her performance "ranked her 45 out of 46 in the Southern Division of the company … despite being ranked 14 out of 45 months prior." [9] Plaintiff also references "Melissa Baker, a white female," who started in the same position as Plaintiff in 2016, but by November of 2016, "was the second highest paid District Services Manager in the region,"[10] despite Plaintiff being in that role for around nine years. Next, Plaintiff refers to Tim Godfrey ("Godfrey"), "a white male serving the same role as Petitioner," who was allegedly "terminated for the same reasons as Petitioner, however, Mr. Godfrey and Ms. Mattear were not treated the

---

[5] Plaintiff failed to state under which legal theory she brings her claims. In Defendant's *Motion to Dismiss,* it inferred the claims were raised under LEDL and Title VII. Plaintiff does not controvert that inference in her *Opposition.*
[6] Rec. Doc. 1-1, p. 2.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 3.
[10] *Id.*

same in regards to their termination."[11] Plaintiff claims that, unlike her, Godfrey was given due process before his termination.[12] Godfrey was allegedly "placed on all disciplinary process steps: (1) Coaching; (2) Counseling; (3) Final; and (4) Termination."[13] Because Plaintiff's termination was allegedly handled incorrectly, Plaintiff was offered a severance package which was not offered to Godfrey "because they [] were aware they did not follow protocol in Ms. Mattear's termination, as she was not given due process."[14]

Based on the allegations above, Plaintiff seeks damages for her mental pain and suffering, emotional distress, harassment, inconvenience, loss of enjoyment of life, embarrassment and humiliation.[15] Defendants now move to dismiss Plaintiff's claims, brought ostensibly under the Louisiana Employment Discrimination Law ("LEDL") and Title VII of the Civil Rights Act of 1964 ("Title VII"), based on prescription.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[16] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state

---

[11] *Id.* at 4.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[17] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

a claim to relief that is plausible on its face.'"[18]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[19]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]  In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[22]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[23]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[24] On a Motion to Dismiss, the inquiry is whether the allegations in the Complaint plausibly state a claim for relief.

---

[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter "*Twombly*").
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[21] *Twombly*, 550 U.S. at 570.
[22] *Iqbal*, 556 U.S. at 678.
[23] *Taha v. William Marsh Rice University*, 2012 WL 1576099, at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[24] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**B. LEDL Claims – Prescription**

According to Louisiana Revised Statute 23:303, a cause of action pursuant to the LEDL is subject to a prescriptive period of one year.[25] "The "one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights."[26] However, "[n]o suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months." Accordingly, THD argues that Plaintiff's LEDL claim, which was brought 26 months following termination, is outside the prescriptive period, even if Plaintiff's prescriptive period was suspended for six months.

Plaintiff was allegedly terminated "on or about November 17, 2016."[27] Although not alleged in her removed Petition, Plaintiff argues in her *Opposition* that she filed a claim with the Equal Employment Opportunity Commission ("EEOC") on May 22, 2017.[28] Assuming *arguendo* that Plaintiff filed a claim with the EEOC on May 22, 2017, Plaintiff's LEDL claim is still prescribed. Because the LEDL has a six-month maximum period of suspension, for discrimination claims to be timely, "the events at issue must not have occurred prior to the *maximum* eighteen-month prescriptive period (consisting of the one-year prescriptive period, plus the maximum six-month period)."[29]

---

[25] La. R.S. 23:303(D).
[26] *Id.*
[27] Rec. Doc. 1-1, ¶3.
[28] Rec. Doc. 5, p. 3.
[29] *Minnis v. Bd. Of Sup'rs of Louisiana State Univ. & Agric. & Mech. College*, 55 F. Supp. 3d 864, 874 (M.D. La. 2014) (citing La. R.S. 23:303(D)); *see also Lavigne v. Cajun Deep Foundations, LLC*, 32 F. Supp. 3d 718, 726 (M.D. La. 2014); *Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 581 (M.D. La. 2002).

Plaintiff's claim began to prescribe, at the latest, on or around November 17, 2016, the date of her termination. Assuming Plaintiff filed a claim with the EEOC, prescription was suspended on May 22, 2017, or 186 days after her termination. According to the LEDL, the longest prescription could be suspended is six months, or in this case, until November 22, 2017. Plaintiff filed suit on January 18, 2019, 26 months after her termination. The last day Plaintiff could have timely filed was May 20, 2018. Because Plaintiff filed well after this date, Plaintiff's LEDL claim has prescribed and is dismissed with prejudice.

**C. Title VII – Prescription**

Prior to pursuing an employment discrimination claim under Title VII, a claimant must first exhaust her administrative remedies.[30] Administrative remedies are exhausted by filing a charge of employment discrimination with the EEOC and then receiving a right to sue letter.[31] In Louisiana, a claimant has 300 days to file this charge with the EEOC and must file her civil action within 90 days of receiving the right-to-sue letter from the EEOC.[32] If it is disputed or unknown when the plaintiff received her right-to-sue letter, it is appropriate for the court to presume a date.[33] In cases where the receipt date of the right-to-sue letter is unknown, the Fifth Circuit has looked to other courts as guidance, finding a range of three to seven days after the letter was mailed to be appropriate.[34] The

---

[30] *Lavigne*, 32 F. Supp. 3d at 726 (citing *Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5th Cir. 2002)).
[31] *Id.*
[32] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).
[33] *Id.* at 379-80.
[34] *Id.; see also Morgan v. Potter,* 489 F.3d 195, 196 (5th Cir. 2007).

"requirement to file a lawsuit within the ninety-day limitation period is strictly construed," and a violation will result in dismissal.[35]

In this case, Plaintiff attached her EEOC right-to-sue letter[36] to her *Opposition* but failed to allege when she received it. A district court may consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims."[37] Here, this EEOC right-to-sue letter was not referred to in Plaintiff's *Complaint* but even if the Court considers the EEOC letter, Plaintiff's claims are still prescribed. The letter states that it was mailed on August 1, 2018.[38] Assuming Plaintiff received her right-to-sue letter on August 8, 2018,[39] she filed this civil action on January 18, 2019, or 163 days after receiving the right-to-sue letter. Accordingly, because Plaintiff did not file her complaint until well beyond the ninety-day period, her Title VII claims are prescribed and are hereby dismissed with prejudice.

---

[35] *Id*; *See Ringgold v. Nat'l Maintenance Corp.,* 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985).
[36] Rec. Doc. 5-1.
[37] *Brand Coupon Network, LLC v. Catalina Marketing Group*, 748 F.3d 631 (5th Cir. 2014) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000) (internal quotations omitted)).
[38] Rec. Doc. 5-1, p. 1.
[39] Using the Fifth Circuit's latest presumed date of receipt of seven days following the date that the right-to-sue letter was mailed.

### III. CONCLUSION

Accordingly, Defendant's *Rule 12(b)(6) Motion for Dismissal*[40] is GRANTED. The Court finds that Plaintiff's LEDL and Title VII claims are untimely and are hereby dismissed with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 4, 2019.

_____
**SHELLY D. DICK, CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[40] Rec. Doc. 3.